# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

HOWARD E. MARTIN, III,                Case No. 1:12-cv-844
      Plaintiff,

                                         Barrett, J.
  vs.                              Bowman, M.J.

E.W. SCRIPPS COMPANY, et al.,       **REPORT AND**
      Defendants.                 **RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, brings this action under 42 U.S.C. § 1983, § 1985 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., against defendant E.W. Scripps Company.   Also named in the body of the complaint are defendants WCPO TV Channel 9, Joseph M. Martinelli, Sr., Michael J. Pretot and Judge Lisa C. Allen.   By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).   To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Although a complaint need not contain "detailed factual allegations," it must provide "more than

an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does

a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges that he was retaliated against by his former employer, WCPO

TV Channel 9, which he claims is a subsidiary of the E.W. Scripps Company. (Doc. 1,

Complaint). Plaintiff indicates that, "[w]hile employed at WCPO TV Howard E. Martin, III

report[ed] to Joseph M. Martinelli, Sr. [s]everal times that Michael J. Pretot was creating a

host[ile] work environment." *Id.* at 2. Plaintiff claims that he reported harassment and

discrimination by his employer to the Equal Employment Opportunity Commission (EEOC) in

June of 2008 and on August 31, 2011. (Doc. 1, Brief p. 2). He alleges that he was fired on July

15, 2008, in retaliation for reporting harassment and discrimination to the EEOC in June of 2008.

*Id.* Plaintiff also alleges that "on January 17, 2011 by slander, Joseph Martinelli again retaliated

against [him] for reporting alleged unlawful conduct by the employer." *Id.* Plaintiff claims that

defendants retaliated against him by manufacturing a claim and initiating charges against him in

Hamilton and Clermont County.[1] *See id.* at 3, 10.

---

[1] Plaintiff indicates that defendants filed charges against him in "Criminal Case 11/CRB/1405 in Hamilton County and 2011 CVH 00158 in Clermont County." (Doc. 1, Complaint p. 2). In the Hamilton County Case, petitioner was charged and convicted of one count of telecommunications harassment. (Found at www.courtclerk.org, Case No. /11/CRB/1405). The undersigned was unable to access the record for plaintiff's Clermont County case.

Plaintiff's merit brief also includes allegations that he was denied due process and equal

protection during his state court proceedings.   He claims that Judge Lisa C. Allen failed to protect

his due process rights and aided the retaliation efforts of the other defendants.   (*Id.* at 3-4).   He

further contends that Judge Allen failed to consider that Joseph M. Martinelli, Sr. was retaliating

against him in filing the telephone harassment complaint.   *Id.* at 7.

As a result of the above factual allegations, plaintiff reports that he has lost his home and

car; is unable to find work or pay any bills; has had his utility services terminated; and was unable

to secure a lucrative business deal.   For relief, plaintiff seeks $100,000,000.00 in punitive and

compensatory damages.   *Id.*, Complaint pp. 2-3.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may

be granted.   First, plaintiff's claims against Judge Lisa C. Allen must be dismissed because judges

are afforded absolute immunity from damages for acts they commit while functioning within their

judicial capacity.   *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255

(6th Cir. 1997).   Judges retain absolute immunity from liability even if they act maliciously or

corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter

giving rise to the suit against them.   *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978).   *See also

Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir.1985).

Plaintiff's complaint alleges no facts indicating that defendant presided over a matter over which

defendant was without subject matter jurisdiction or that she performed non-judicial acts.

Second, to the extent that plaintiff intended to name Michael J. Pretot as a defendant, any

claims against this defendant must also be dismissed.   Plaintiff has made no factual allegation that

this defendant retaliated against him.   The complaint otherwise provides no factual content or

4

context from which the Court may reasonably infer that the defendant somehow violated plaintiff's rights.   Plaintiff's conclusory allegation that defendant Pretot created a hostile work environment is insufficient to give defendant fair notice of plaintiff's claims against him. Plaintiff's complaint provides no "more than unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 129 S.Ct. at 1949.   Because plaintiff's complaint against this defendant is composed entirely of either pure legal conclusions or "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly*, 550 U.S. at 555, the complaint fails to state a claim upon which relief may be granted as to defendant Pretot.   Accordingly, any claims against defendant Pretot must also be dismissed.

Plaintiff has also failed to state a claim for relief under 42 U.S.C. § 1983.   In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the defendants acted under color of state law and that their conduct deprived plaintiff of some right secured by the Constitution or laws of the United States.   *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).   Plaintiff's complaint fails to allege facts showing the defendants, who are private citizens or private entities, acted under color of state law.

A private entity or private individual acting on his own cannot deprive a citizen of his constitutional rights.   *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507 (1976). Section 1983 does not create a cause of action against a private actor "'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir.

5

2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Section 1983

claims against the defendants must be dismissed because plaintiff alleges no facts whatsoever

showing the actions of these private defendants "so approximate state action that they may be

fairly attributed to the State." *Lansing,* 202 F.3d at 828 (citation omitted).

To satisfy the "color of state law" prong of Section 1983, plaintiff must allege facts

showing that defendants were either 1) acting under the compulsion of the state (state compulsion

test)[2]; 2) engaged in an activity traditionally reserved to the state (public function test); or 3) its

activities were sufficiently close and/or controlled by the state that its actions could fairly be

attributed to it (nexus test). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003); *see*

*also Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Plaintiff's complaint

fails to allege facts meeting any of the three tests.

Plaintiff has alleged no facts showing that state law or a state entity significantly

encouraged or coerced the defendants' actions such that the defendants may be deemed state actors

under the state compulsion test. *See Campbell v. PMI Food Equipment Group, Inc.,* 509 F.3d

776, 784 (6th Cir. 2007) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) (finding no state

action even though the state provided a significant portion of the funding of a private corporation,

because the state did not appoint board members, select personnel, or make decisions for the

organization)). Plaintiff has not alleged facts showing the defendants' activities were ones

traditionally reserved to the state. *See, e.g., Flagg Bros. v. Brooks,* 436 U.S. 149, 157-58 (1978)

(holding elections is public function); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352-53

(1974) (eminent domain is public function); *Marsh v. Alabama,* 326 U.S. 501, 505-09 (1946)

---

[2] "The state compulsion test requires that a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Lansing v. City of Memphis*, 202 F.3d 821, 829 (6th Cir. 2000) (citation omitted).

(company-owned town is public function).   Nor has plaintiff alleged facts showing the state had a sufficiently close relationship to the defendants as to be a joint participant and/or interdependent with these defendants.   *See Campbell,* 509 F.3d at 784 (no state action where government entities did nothing more than authorize and approve a contract that provided tax benefits to defendant). Finally, plaintiff has not alleged facts showing defendants either conspired or acted in concert with state officials.   *Cf. Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).   Plaintiff has failed to allege facts suggesting a sufficient intermingling of state involvement with defendants to support a finding of state action.   Therefore, the named defendants cannot be deemed state actors and plaintiff's claims under 42 U.S.C. § 1983 against these defendants must be dismissed.

Plaintiff's complaint also fails to state a claim for relief under 42 U.S.C. § 1985.   Section 1985(3) prohibits conspiracies for the purpose of depriving a person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws.   *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).   To state a conspiracy claim under Section 1985, plaintiff must allege facts showing the alleged conspiracy was motivated by "some racial or perhaps otherwise class-based, invidiously discriminatory animus."   *Bartell v. Lohiser*, 215 F.3d 550, 559-60 (6th Cir. 2000) (quoting *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 829 (1983)).   Plaintiff fails to allege his race or that he is a member of a protected class.   Nor does he allege facts showing defendants' actions were motivated by racial or class-based discriminatory animus.

Plaintiff's retaliation claims should also be dismissed.   As an initial matter, the 90-day statutory period for filing his Title VII claims has expired.   "Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she [or he] must satisfy two

7

administrative prerequisites: '(1) by filing timely charges of employment discrimination with the

EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'"

*Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (quoting *Puckett v. Tennessee*

*Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)) (other citations omitted).   An individual must

file a Title VII claim in federal court within 90 days of receiving the EEOC's right-to-sue letter.

42 U.S.C. § 2000e-5(f)(1).   In this case, petitioner indicates that he reported his employer to the

EEOC in June of 2008 and on August 31, 2011.   (Doc. 1, Merit Brief p.2, Exhibits C & D).

Attached to his complaint is a right to sue letter that was issued on October 5, 2011.   *Id.,* Exhibit

A.   Petitioner did not file his complaint in federal court until October 31, 2012, long after the

90-day statutory filing period had expired.

In any event, it appears that plaintiff's Title VII claims are barred from review under the

doctrine of *res judicata*.   "The doctrine of *res judicata*, or claim preclusion, provides that a final

judgment on the merits of an action precludes the 'parties or their privies from relitigating issues

that were or could have been raised' in [that] prior action."   *Harris v. Ashley,* No. 97-5961, 1998

WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.,* 71

F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394,

398 (1981)).   Consideration of a subsequent complaint is precluded under the *res judicata*

doctrine if:   (1) a final decision was rendered on the merits in the first action by a court of

competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the

first action; (3) the second action raises issues or claims which were either actually litigated or

should have been raised and litigated in the prior action; and (4) there is an "identity" between the

causes of action to the extent the "claims arose out of the same transaction or series of transactions,

or . . . the same core of operative facts." *Browning v. Levy,* 283 F.3d 761, 771-72, 773-74 (6th

Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.,*

462 F.3d 521, 528 (6th Cir. 2006).

All four elements necessary for the application of the *res judicata* doctrine are present in

this case.   On November 14, 2011, plaintiff filed a complaint in the Hamilton County Court of

Common Pleas in Case No. A 1109065.[3]   Therein, plaintiff made the same general factual

allegations against the same defendants as are presented in the instant complaint.   Specifically,

plaintiff alleged that he was unlawfully terminated in retaliation for contacting the EEOC and that

on "January 17, 2011, by slander, Joseph Martinelli again retaliated against Howard E. Martin[ ]

for reporting alleged unlawful conduct by the employer."   Therefore, the complaint is subject to

dismissal because the doctrine of *res judicata* applies to bar consideration of the complaint, which

raises claims that were or should have been raised in the prior lawsuit involving the same parties

that was dismissed with prejudice.

Finally, plaintiff appears to raise a claim of retaliation under state law.   (*See* Doc. 1, Brief

p. 9).   To the extent plaintiff claims the actions of defendants violated the state law of Ohio, the

Court should decline to exercise pendent jurisdiction over such claim because plaintiff fails to state

a viable federal law claim.   *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).   Thus, any

state law claims should be dismissed without prejudice for lack of jurisdiction.

Accordingly, in sum, plaintiff's complaint should be dismissed.   Plaintiff's claims under

42 U.S.C. § 1983, § 1985 and all claims against defendants Judge Lisa C. Allen and Michael J.

Pretot be should be dismissed on the ground that they fail to state a claim upon which relief may be

---

3   This Court "may take judicial notice of proceedings in other courts of record."  *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)).

granted.   Plaintiff's discrimination claims should be dismissed because plaintiff failed to file his complaint within the statutory filing period and his claims are barred from review by the doctrine of *res judicata*.

## IT IS THEREFORE RECOMMENDED THAT:

1.   Plaintiff's complaint (Doc. 1) be dismissed with prejudice.

2.   The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis.   Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.   See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

 

 

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED   STATES   DISTRICT   COURT
## SOUTHERN   DISTRICT   OF   OHIO
### WESTERN   DIVISION

HOWARD E. MARTIN, III,      Case No. 1:12-cv-844
  Plaintiff,

                Barrett, J.
vs.              Bowman, M.J.

E.W. SCRIPPS COMPANY, et al.,
  Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11