UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HOWARD E. MARTIN, III,            CASE NO.: 1:12CV844

    Plaintiff,                                 Barrett, J.
                                             Bowman, M.J.

    v.

E.W. SCRIPPS COMPANY, *et al.*,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's December 11, 2012 Report and Recommendation. (Doc. 5). Plaintiff, proceeding *pro se*, filed his Objections on December 28, 2012 (Doc. 7), his first Amended Objections on March 19, 2013 (Doc. 8), his second Amended Objections on April 9, 2013 (Doc. 9), and his third Amended Objections on April 17, 2013 (Doc. 10). For the reasons set forth below, the Court overrules Plaintiff's objections (Docs. 7, 8, 9, 10) and adopts the Magistrate Judge's Report (Doc. 5) in its entirety.

**I.    FACTUAL BACKGROUND**

The factual background of the case is adequately set forth in the Report and Recommendation (Doc. 5), and thus, is incorporated here. The specific facts that are relevant to the Court's review will be referenced below where necessary.

**II.    REPORT AND RECOMMENDATION**

In the Report, the Magistrate Judge recommends dismissal of Plaintiff's Complaint in its entirety. Her recommendation is based on the following six conclusions. First, the Magistrate Judge concluded that the Complaint sought only

1

compensatory and punitive damages against Judge Lisa C. Allen and, therefore, must be dismissed because judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity, even if those acts are malicious or corrupt. (Doc. 5, p. 4) (citing relevant authority). <u>Second</u>, the Magistrate Judge determined (Doc. 5, pp. 4-5) that Plaintiff's conclusory allegation that Defendant Michael J. Pretrot created a hostile work environment was devoid of factual support and was nothing more than an "unadorned, the-defendant-unlawfully-harmed me accusation" that is insufficient to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). <u>Third</u>, the Magistrate Judge concluded that Plaintiff failed to state a claim for relief under 42 U.S.C. § 1983 because he did not allege facts showing that the defendants who are private citizens or private entities acted under color of state law. (*See* Doc. 5, pp. 5-7). <u>Fourth</u>, the Magistrate Judge determined that Plaintiff failed to state a claim for relief under 42 U.S.C. § 1985 because Plaintiff failed to allege his race, that he was a member of a protected class, or any facts showing the defendants' actions plausibly were motivated by racial or class-based discriminatory animus. (Doc. 5, p. 7). <u>Fifth</u>, the Magistrate Judge determined that Plaintiff's retaliation claims should be dismissed because (1) he did not file this lawsuit within the 90-day statutory period for filing Title VII claims; and (2) his Title VII claims are barred from review under the doctrine of *res judicata*. (Doc. 5, pp. 7-9). <u>Sixth</u> and finally, the Magistrate Judge concluded that to the extent Plaintiff asserted claims for retaliation under state law, those claims must be dismissed for lack of pendent jurisdiction because Plaintiff has not stated a viable federal claim. (Doc. 5, p. 9).

**III.     OBJECTIONS**

Plaintiff's objections primarily restate the arguments raised in his Complaint. (*Compare* Doc. 1-1 *with* Docs. 7, 8, 9 & 10).  However, the Court is able to discern four specific objections to the Report, which are discussed below.

**IV.     STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Plaintiff's *pro se* objections are to be construed liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  However, general objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate [judge']s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Only specific objections are entitled to *de novo* review under the Magistrate Judge's Act, 28 U.S.C. § 636.  *Id.*; *see also Fairfield v. Wacha*, No. 1:07-cv-948, 2008 U.S. Dist. LEXIS 15119, at *4-5 (W.D. Mich. Feb. 28, 2008) (citing *Ferguson v. Comm'r of Soc. Sec. Admin.,* No. 1:07-cv-247, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Jan. 28, 2008); *Westbrook v. O'Brien*, No. 1:07-cv-937, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Nov.

3

15, 2007); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)). The reason for that requirement is that:

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509. Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Id.* Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge. *Id.* at 508-09; *see also Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997), *cert. denied*, 522 U.S. 1030, 118 S. Ct. 631, 139 L. Ed. 610 (1997).

**V.    ANALYSIS**

The Court first notes that all of Plaintiff's specific objections attempt to raise new factual and legal issues by putting forth allegations and claims that were not included in the Complaint. As a party may not raise new issues for the first time in an objection to a magistrate judge's report and recommendation, the Court is under no obligation to address those issues. *See Becker v. Clermont Cnty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir 2011) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). However, even if the undersigned were to address the new allegations and claims, he would find Plaintiff's objections without merit for the following reasons.

4

First, Plaintiff appears to be raising a copyright claim against Judge Allen under the criminal copyright offenses of 17 U.S.C. § 506. (*See* Doc. 8, pp. 1-2; Doc. 9, pp. 1-2; Doc. 10, pp. 1-2).¹ The civil remedies for copyright infringement are set forth in 17 U.S.C. § 502-505. However, his argument in his amended objections offers nothing more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" that fail to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Plaintiff attaches as an exhibit to his objections, a letter that he wrote to the Attorney General of the United States in which he references Judge Allen, as well as an alleged book titled "Ohio Law Book: Using Truth As A Weapon," he does not provide any factual content or context from which the Court may reasonably infer that Judge Allen somehow violated the copyright laws. (*See* Doc. 8, Ex. 1). Instead, Plaintiff appears to again take issue with the judicial actions of Judge Allen, who the Magistrate Judge correctly determined, is absolutely immune from damages lawsuits based upon acts taken in her judicial capacity. (Doc. 5, p. 4). For those reasons, the Court overrules the objection.

Second, Plaintiff does not object to the conclusion that the sole allegation in the Complaint as to Defendant Michael J. Pretrot creating a hostile work environment was insufficient to state a claim for relief; however, he now appears to argue that Defendant Pretrot should be liable for retaliation. In particular, in his original objection, Plaintiff asserts that "[o]n July 15, 2008, Michael J. Pretrot terminated the Plaintiff after he had contacted a protection agency" (Doc. 7, p. 1). However, he retracts on that specific statement in each of his amended objections, instead asserting only that a "WCPO

---

¹ Although the letter is addressed to the Attorney General of the United States, Eric Holder, the complaints in the letter relate to the actions of Judge Allen.

Manager" terminated him (Doc. 8, p. 1; Doc. 9, p. 1; Doc. 10, p. 1).  Construing his assertion in his original objection as an attempt to allege that Defendant Michael J. Pretrot should be liable for retaliation under Title VII, the Court finds that single assertion to be devoid of factual support and inadequate to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

As the Magistrate Judge correctly recognized, "[b]efore a plaintiff alleging discrimination under Title VII can bring suit in federal court, [he] must satisfy two administrative prerequisites: '(1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'"  *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2004) (quoting *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989)) (other citations omitted).  Even if Plaintiff was relying on his allegations that he reported his employer to the EEOC in June of 2008 and August 31, 2011, his argument still fails to state a plausible claim.  (Doc. 1, Merit Brief, p. 2, Exs. C and D).  The Magistrate Judge correctly recognized that Plaintiff had 90 days from the issuance of the October 5, 2011 right to sue letter that was attached to his Complaint to file his lawsuit.  (*Id.*, Ex. A).  However, he did not file this Complaint in federal court until October 31, 2012, which was well after that 90-day period.  Although Plaintiff further objects that he was prevented from filing his lawsuit on time because Judge Allen placed him on an electronic monitoring unit ("EMU") that excluded him from the area of the federal courthouse in Cincinnati, the Court is not persuaded by his argument.  The map of the EMU exclusion zone does not exclude Plaintiff from the area encompassing the federal

courthouse in Cincinnati.[2] (Doc. 7, Ex. J). Further, Plaintiff could have contacted the Clerk's Office to identify and arrange other possible methods of filing if he believed he was excluded from that location. The filing period thus will not be tolled to save Plaintiff's purported Title VII retaliation claim against Defendant Pretrot from dismissal.

Third, for the same reasons set forth above, Plaintiff's argument about tolling the 90-day statutory period due to his inability to physically enter the federal courthouse while on an EMU fails to prevent dismissal of the Title VII retaliation claims asserted against the other defendants. Moreover, Plaintiff does not object to the Magistrate Judge's determination that his Title VII retaliation claims also are barred from review under the doctrine of *res judicata* given that he raised the same general factual allegations against the same defendants in an earlier-filed complaint in Case No. A 1109065 in the Hamilton County Court of Common Pleas. (Doc. 5, pp. 8-9). For those reasons, the Court agrees with the Magistrate Judge that the Title VII retaliation claims in the Complaint against all the defendants must be dismissed. It therefore overrules Plaintiff's objection.

Finally, Plaintiff appears to raise a new ground for relief under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1). However, his argument fails to state a claim for relief. Generally, the Equal Pay Act prohibits employers from paying employees at a rate less than that paid to employees of the opposite sex for performing equal work. *See Beck-Wilson v. Principi*, 441 F.3d 353, 359 (6th Cir. 2006) (citing 29 U.S.C. § 206(d)(1)). To state a claim for relief, a plaintiff must allege facts that plausibly could show that the

---

[2] The Potter Stewart U.S. Courthouse is located at 100 East Fifth Street in Cincinnati, Ohio, with the main entrances located at Walnut Street and Main Street between Fifth Street and Sixth Street. The areas north of Fifth Street where the entrances to the federal courthouse are located are not within the EMU exclusion zone.

employer paid different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions. *Id.* In his objections, Plaintiff does nothing more than assert that he is bringing a claim against E.W. Scripps Company under the Equal Pay Act. (Doc. 8, p. 1; Doc. 9, p. 1; Doc. 10, p. 1). He provides no factual support whatsoever that plausibly could show he received different pay from employees of the opposite sex under equal circumstances. Further, Plaintiff's allegations in the Complaint demonstrate that his claims are barred by the statute of limitations. Under the Fair Labor Standards Act, which encompasses the EPA, the statute of limitations is two years for non-willful violations and three years for willful ones. 29 U.S.C. § 255(a)*; see also Boaz v. FedEx Customer Info. Servs.*, 725 F.3d 603, 605 (6th Cir. 2013). Plaintiff alleges that he was terminated from E.W. Scripps Company in or about July 15, 2008. As such, the latest possible date upon which any Equal Pay Act violation could have accrued would have been in or around July 2008. This federal lawsuit was not filed until October 31, 2012. (Doc. 1). As Plaintiff's Complaint was filed more than four years after his termination, his EPA claim would be barred.

## VI.　CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's Report (Doc. 5), the Court finds it to be well-reasoned, thorough and correct. Consistent with that finding and with the foregoing analysis, the Court **OVERRULES** Plaintiff's objections and amended objections (Docs. 7, 8, 9, 10) and **ADOPTS** the Magistrate Judge's Report (Doc. 5) in its entirety. Accordingly, it is hereby **ORDERED** that:

1.　Plaintiff's Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. The Court certifies pursuant to 28 U.S.C. § 1915(a) that, for the reasons set forth herein, any appeal of this Order adopting the Report and Recommendation would not be taken in good faith and therefore denies Plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

3. Plaintiff's Motion for Judgment on the Pleadings in which he requests a decision concerning his objections to the Report and Recommendation (Doc. 11) is hereby declared **MOOT.**

4. This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED**.

                                             s/ Michael R. Barrett
                                             Michael R. Barrett, Judge
                                             United States District Court